UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD DIAZ,

                Petitioner,

        -against-

SUPT. THOMS,

                Respondent.

20-CV-0154 (CM)

ORDER DIRECTING ORIGINAL
SIGNATURE AND PAYMENT OF FILING
FEE OR IFP APPLICATION

COLLEEN McMAHON, Chief United States District Judge:

Petitioner Richard Diaz, proceeding *pro se*, brings this petition for a writ of *habeas corpus*.[1] This action was originally filed in the United States District Court for the Eastern District of New York, where it was opened under docket number 19-CV-7048. That Court transferred the petition here. Petitioner submitted the petition without his signature and without payment of the filing fee or submission of an application to proceed *in forma pauperis* (IFP), that is, without prepaying the filing fee.

## DISCUSSION

A.      Signature

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S.

---

[1] In the petition, Petitioner spells his surname as both Diez and Diaz. Because it appears from public records, including records of the New York State Department of Corrections and Community Supervision, that Petitioner's surname is Diaz, the Court directs the Clerk of Court to correct the docket to reflect the surname Diaz.

757, 764 (2001). The Court therefore directs Petitioner, within thirty days of the date of this order, to resubmit to the Court the signature page of his petition with an original signature. A copy of the signature page is attached to this order.

B.  Filing Fee

To proceed with a petition for a writ of *habeas corpus* in this Court, a petitioner must either pay the $5.00 filing fee or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. Within thirty days of the date of this order, Petitioner must either pay the $5.00 filing fee or complete and submit the attached IFP application. If Petitioner submits the IFP application, it should be labeled with docket number 20-CV-0154 (CM). If the Court grants the IFP application, Petitioner will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner, and note service on the docket. The Clerk of Court is further directed to correct the docket to list Petitioner's surname as Diaz (not Diez). No answer shall be required at this time. The Court directs Petitioner, within thirty days of the date of this order, to (1) resubmit to the Court the signature page of his petition with an original signature; and (2) pay the $5.00 filing fee, or complete and submit the attached IFP application.

If Petitioner complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: January 8, 2020
       New York, New York

                                            COLLEEN McMAHON
                                      Chief United States District Judge