UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD DIAZ,

                      Plaintiff,

    against

SUPERINTENDENT THOMS,

                      Defendant.

CIVIL ACTION NO.: 20 Civ. 154 (ER) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The Court is in receipt of Plaintiff's letter dated August 22, 2020, which requests an extension of time to file a reply and the appointment of pro bono counsel. (ECF No. 21). The Letter Motion is GRANTED in part and DENIED in part.

    A.      **Extension of Time**

Petitioner's request for an extension of time to file a Reply brief is GRANTED. Petitioner shall have one last extension of 45 days, until **October 23, 2020** to submit his Reply, if any. If no Reply is mailed by that date, the Court will deem the Petition fully briefed.

    B.      **Appointment of Pro Bono Counsel**

For the reasons stated below, Petitioner's request for the appointment of pro bono counsel is DENIED. Pursuant to Supreme Court and Second Circuit precedent, the Court must liberally construe pro se pleadings. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006).

Rule 8(c) of the Rules Governing § 2254 Cases in the United States District Courts requires "the appointment of counsel only when an evidentiary hearing is needed." Martinson v. U.S.

Parole Com'n., No. 02 Civ. 4913 (DLC) (DF), 2004 WL 203005, at *2 (S.D.N.Y. Feb. 2, 2004). Otherwise, unlike in criminal cases, civil litigants unable to pay for counsel do not have a constitutional right to counsel. Davila v. Doar, No. 07 Civ. 5767 (SHS) (DF), 2008 WL 4695004, at *2 (S.D.N.Y. Oct. 22, 2008); Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). The Court may grant pro bono counsel to a person who cannot afford one if his "'position seems likely to be one of substance.'" Davila, 2008 WL 4695004, at *2 (quoting Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997)). Even if a court does believe that a litigant should have free counsel, under the in forma pauperis statute, a court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S.Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 301–310 (1989); 28 U.S.C. § 1915(e)(1). Moreover, for the good of the public and because courts do not have funds to pay counsel in civil matters, courts must request the services of pro bono counsel sparingly and preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172–73 (2d Cir. 1989). As the Second Circuit has explained:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not [unable to pay].

Id. at 174.

Each application for pro bono counsel must be decided on its own facts. See Hodge, 802 F.2d at 61. The court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [the plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper,

2

877 F.2d at 172; Hodge, 802 F.2d at 60–62 (the Court should consider the litigant's ability to investigate the facts, need for cross-examination, complexity of the issues, and any special reason why pro bono counsel would more likely lead to a just determination).  Of these, "[t]he factor which command[s] the most attention [is] . . . the merits."  Cooper, 877 F.2d at 172.

The Second Circuit has stated that pro bono "counsel is often unwarranted where the [pro se litigant's] chances of success are extremely slim, and advised that a district judge should determine whether the pro se litigant's position seems likely to be of substance, or showed some chance of success."  Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003) (internal citation omitted).  It is important that "[pro se] litigants seeking [pro bono] counsel [] first pass the test of likely merit."  (Id.) (internal citation omitted).

Although the Court should not grant an application for pro bono counsel "indiscriminately," a plaintiff need not demonstrate that his claims would survive a motion to dismiss or for summary judgment, but need only satisfy a "threshold showing of merit."  Hendricks, 114 F.3d at 393–94.

Here, Petitioner claims that he was denied effective assistance of counsel because his attorney did not advise him to take a plea agreement but rather implied that he could "win this case for Petitioner."  (ECF No. 21 at 1).

"In order to prove ineffective assistance, [a petitioner] must show (1) 'that counsel's representation fell below an objective standard of reasonableness'; and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2008) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)); see Massaro v. United States, 538 U.S. 500,

505 (2003) ("[A] defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial."); see also United States v. Brown, 623 F.3d 104, 112 (2d Cir. 2010) (same).

Petitioner's letter does not demonstrate the "threshold showing of merit" on his ineffective assistance of counsel claim. Hendricks, 114 F.3d at 393–94. Further, Petitioner makes no mention of any efforts he has made to retain counsel on his own. Petitioner therefore has not demonstrated sufficient effort that would justify the Court seeking out a volunteer attorney on his behalf.

Given the current COVID-19 pandemic, which is constraining the already limited availability of pro bono counsel, the lack of any attempt to attain counsel on his own, and his ability to manage his case thus far, the Court finds that the interests of justice do not necessitate an effort by the Court to seek pro bono counsel for Petitioner. Accordingly, the Court denies Petitioner's request for appointment of pro bono counsel.

Petitioner is reminded that he may seek assistance from the New York Legal Assistance Group. Additional information can be found online at nylag.org; by calling 212-613-5000; or by emailing info@nylag.org. In addition, the United States District Court for the Southern District of New York has a Pro Se Intake Unit with information to assist individuals who are representing themselves in the Southern District without the assistance of an attorney. Additional information can be found online at nysd.uscourts.gov/prose; by calling at 212-805-0175.

The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner at the below address.

Dated:   New York, New York
         September 8, 2020

                                        SO ORDERED

                                        _____
                                        **SARAH L. CAVE**
                                        **United States Magistrate Judge**

Mail To:   Richard Diaz
           15-A-4868
           Five Points C.F.
           P.O. Box 119
           Romulus, NY 14541